UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
FEB 19 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| JOANNE EDMONDS JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 14-256 |

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

According to the plaintiff, in order to stop the foreclosure on property she owned in the District of Columbia, she "put [her] brother's name on [the] deed in 2003." Compl. at 1. Even though she filed for bankruptcy on the same day that the property was to be auctioned, "the auction was performed nevertheless." *Id.* For this allegedly "illegal act on the part of Wells Fargo," and because the property is now "worth over a million dollars," the plaintiff demands an award of $500,000. *Id.*

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if her claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the

challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). It appears that the subject property was sold at auction years ago, such that the plaintiff no longer has interest in it. Absent any showing that the plaintiff has a protected legal interest in the subject property, let alone one that is concrete or imminent, she does not satisfy the "injury-in-fact" requirement of standing. The complaint therefore must be dismissed for lack of subject matter jurisdiction.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 2/10/14

Ellen S Huvelle
United States District Judge